IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET RUCKS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-175-R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered January 5, 2009 [Doc. No. 13] and Plaintiff's Objection to the Report and Recommendation filed January 23, 2009 [Doc. No. 14]. In support of her Objection, Plaintiff asserts that the Administrative Law Judge's determination of Plaintiff's pain and credibility are not supported by substantial evidence, citing to a list of symptoms in her medical records (*e.g.,* March 2, 2004 - she continues to have a lot of pain associated with her arthritis and degenerative joint disease. Use Celebrex (TR. 109)), results of an electro diagnostic study and MRI in April of 2007 (some evidence of cervical radiculopathy and isolated degenerative disc disease at C5/6 with broad based disc bulge component (TR 305)) and a report that Plaintiff was going to have surgery on her neck and hand related to radiculopathy from pinched nerves or maybe carpal tunnel syndrome (May 29, 2007) (TR 339). Plaintiff also apparently objects to the Magistrate Judge's conclusion that the ALJ's RFC determination is supported by substantial evidence, stating that she "lacks the Residual

Functional Capacity (RFC) to work full time," citing her treating physician's statement that she is disabled and unable to work and her own testimony at the hearing before the ALJ describing what she can and can't do and her symptoms, TR at 350-66.

The Court has carefully reviewed the entire administrative record. As the Magistrate Judge explained, the ALJ employed the proper legal standards for determining the credibility of Plaintiff's complaints of disabling pain. Although Plaintiff's treating physician did at one point refer to Plaintiff as "disabled," *see* TR 296, the ALJ properly refused to give Dr. Haddad's opinion "controlling weight or special significance," TR 19, because it was "not supported by medically accepted clinical and laboratory findings" *id.*, and because Dr. Haddad's own treating notes, in which he continually noted that Plaintiff was in no distress or acute distress, were not consistent with his opinion that Plaintiff was disabled or had a disabling impairment. Moreover, as noted the ALJ, Dr. Haddad's opinion was not consistent with the medical evidence as a whole. *Id.* Finally, the ALJ noted that Dr. Haddad had not placed any specific limitations on Plaintiff's ability to perform basic work. *Id.*

In assessing the Plaintiff's credibility, the ALJ described in detail Plaintiff's testimony, *see* TR 16-17 & 18, but after he considered all of the evidence of record, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, the Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. TR 18. In so finding, the ALJ considered the absence of an objective medical basis for the degree of severity of the pain, *see*, *e.g.*, *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir.

1993), the medications Plaintiff used and their effectiveness, the frequency of her medical contacts, the nature of Plaintiff's daily activities and the fact that Plaintiff had had no surgeries since 2000, *see* TR 17-19, linking the discussion of that evidence to her findings. *Id.* The ALJ's credibility determination is entitled to special deference, *see, e.g., Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007), and will not be disturbed as long as supported by substantial evidence. *E.g., Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The Court's own review of the entire record, including the Physical Residual Functional Capacity Assessments by two medical consultants, *see* TR 251-58 & 275-82, persuades the Court that the ALJ's credibility determination is supported by substantial evidence.

The ALJ's RFC determination is also supported by substantial evidence. Because the ALJ properly declined to give controlling weight or any special significance to Dr. Haddad's opinion that Plaintiff was disabled while observing that Dr. Haddad continually noted that Plaintiff appeared to be in no distress and properly determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible, *e.g.,* that she could only sit 30 minutes and stand for 10 to 20 minutes, and significant evidence existed in the record that Plaintiff was in no distress. Further, no specific limitations on working were placed on her by her treating physician, she could sit or stand for 6 hours out of an 8-hour work day, TR at 252 & 276, and had only mild limitations on activities of daily living and in difficulties in maintaining social functioning and concentration, persistence and place, TR 270, Plaintiff's assertion that she lacks the RFC

to work full time based upon her testimony that she has summarized in her Objection is without merit.

In accordance with the foregoing, the Findings and Recommendation of the Magistrate Judge are ADOPTED in their entirety and the decision of the Social Security Administration is AFFIRMED.

IT IS SO ORDERED this 3rd day of February, 2009.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE